Eastern District of Kentucky
**FILED**

MAY 10 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

**NOT FOR PUBLICATION OR CITATION**

CIVIL ACTION NO. 05-CV-081-KSF

ARMANDO BENITEZ                                                                                    PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, Warden                                                                           RESPONDENT

Armando Benitez, an individual incarcerated in the Federal Medical Center in Lexington, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

<u>CLAIMS</u>

The petitioner claims that (1) he has newly available evidence that he is "actually innocent" of the crimes for which he was convicted and sentenced in 1983; and (2) this Court has jurisdiction to grant him relief under 28 U.S.C. §2241.

## ALLEGATIONS

The following is a summary of the allegations contained in the petitioner's completed form petition and accompanying memorandum with several attachments [Record No. 1].

In February of 1982, two agents of the Drug Enforcement Administration ("DEA") were kidnaped from a hotel in Cartagena, Colombia, robbed of their credentials, and driven outside the city, where they were both assaulted. When they were taken out of the car to be murdered, one agent managed to flee; the second one was shot multiple times, but survived. Although four men were sought for these crimes and an indictment named the petitioner as one of the four defendants, only the petitioner was apprehended at that time and brought to the United States District Court for the Southern District of Florida for trial. *United States v. Benitez*, No. 82-292-CR-JAG.

At trial, the petitioner took the stand and claimed not to be present. Nonetheless, he was convicted on all of the five counts charged against him, *i.e.*, (1) conspiring to murder DEA agents engaged in the performance of their official duties, 18 U.S.C. §§1114 and 1117; (2) - (3) assaulting each DEA agent with a deadly weapon while he was performing official duties, 18 U.S.C. §§111 and 2; and (4) - (5) robbing each DEA agent of his official United States Government passport and DEA credentials, 18 U.S.C. §§2112 and 2. The petitioner was sentenced to life in prison, and the Eleventh Circuit affirmed in *United States v. Benitez*, 741 F.2d 1318 (11th Cir 1984), *cert. denied*, 471 U.S. 1137 (1985).

Not long afterwards, another of the indicted Colombians, named Carlos Ruiz, was apprehended, tried in the same court, and convicted; and later, the criminal proceedings against him were also affirmed on appeal. It was not until 1995 that the instant petitioner's brother, Rene Benitez, was apprehended, and in 1997 the fourth defendant, Jose Duarte-Acero, was caught. In

2

2001, these last two defendants were tried together and convicted. Ruiz and Duarte-Acero appealed, but their convictions were also affirmed by the Eleventh Circuit.

After his conviction, on July 11, 2001, the instant petitioner's brother Rene signed an affidavit declaring the instant petitioner to be innocent, specifically swearing as follows:

> . . . .
> 4. That my brother, Armando Benitez, was present for a very brief period of time, in rooms 1803 and 1804, of the Don Blas Hotel in February of 1982.
> 5. That after finding my brother, Armando Benitez, in the said rooms 1803 and 1804, I made him immediately leave the room which he did.
> 6. That Armando Benitez took nothing with him when he left . . . .
> 7. That all of the allegedly official documents that were taken from the two D.E.A. agents . . . were taken by me and only me.
> 8. That no one assisted me in taking the documents out of the rooms at the Don Blas Hotel at the times in question . . . .
> 9. That my brother and my Codefendant, Armando Benitez, is absolutely innocent of all of the charges in Case Number 82-292-CR-Gonzales.

Exhibit [hereinafter "Ex."] B. With counsel, on August 21, 2001, the petitioner used his brother's affidavit and the promise that all of the co-defendants would so testify, to support a motion for relief from his conviction. The motion was based upon (1) his being an "innocent bystander"; (2) the fact that the new affidavit evidence was only "newly available," as the other defendants were out of the country or at trial, thus being physically or legally unavailable previously; and (3) a claim that the original indictment was flawed.

In an Order dated March 14, 2003, the trial court construed the petitioner's claims to be pursuant to 28 U.S.C. §2255 and rejected the indictment claim on several grounds. Ex. D. As to the petitioner's newly available evidence, the court found that it could not consider the brother's testimony in a habeas proceeding, absent a constitutional violation occurring in the criminal proceedings, the Court quoting from *Herrara v. Collins*, 506 U.S. 390, 400 (1993). The trial court

also held that relief via a motion under Federal Rule of Criminal Procedure 33 was unavailable for this nineteen-year-old conviction, because it was well beyond the rule's time limit for such a motion to be brought. The trial court concluded that the petitioner's only recourse was a request for clemency to the President of the United States.

Two years later, the petitioner filed the instant §2241 petition, *pro se.* He alleges that in addition to presenting the testimony of his co-defendants, he can also show a violation of due process in that the testimony of one of the witnesses changed between his and his brother's trials. The petitioner claims that he has demonstrated that his remedy by a §2255 motion is inadequate or ineffective to challenge his conviction, and he has a provable claim of actual innocence, as innocence is defined in *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, he argues, this Court may hear the merits of his innocence claim under its §2241 jurisdiction and grant him habeas relief.

ORDER

The petitioner having claimed that this remedy by motion to the trial court under 28 U.S.C. §2255 is inadequate and ineffective to test the legality of his detention and that he has a claim of actual innocence, and the Court being advised, **IT IS ORDERED** as follows:

(1) The respondent in this action is Warden Joe Booker of the Federal Medical Center in Lexington, Kentucky.

(2) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon the Respondent Warden Booker of the Federal Medical Center, and on the Attorney General for the United States, and on the United States Attorney for the Eastern District of Kentucky.

(3) Respondent, by counsel, shall answer or otherwise defend within sixty (60) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary

evidence which bears upon the allegations contained in the petition.

(4) Upon entry of a response herein, the Clerk of the Court shall forward the record to the Pro Se Office for the Court's further consideration.

(5) The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6) For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 10th day of May, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE