Eastern District of Kentucky
FILED

SEP 29 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-081-KSF

ARMANDO BENITEZ                                                                    PETITIONER

VS:         **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, Warden                                                                  RESPONDENT

This matter is before the Court on the respondent's motion to dismiss Armando Benitez's petition for writ of habeas corpus.

### BACKGROUND

On March 3, 2005, Armando Benitez, an individual incarcerated in the Federal Medical Center in Lexington, Kentucky, filed the instant *pro se* petition, pursuant to 28 U.S.C. §2241, and paid the district court filing fee. He claimed therein that (1) he has newly available evidence that he is "actually innocent" of the crimes for which he was convicted and sentenced in 1983; and (2) this Court has jurisdiction to grant him relief under 28 U.S.C. §2241.

Benitez's petition was accompanied by a memorandum of law and several documentary exhibits. Upon screening the petition, the Court summarized the lengthy allegations as follows:

> In February of 1982, two agents of the Drug Enforcement Administration ("DEA") were kidnaped from a hotel in Cartagena, Colombia, robbed of their credentials, and driven outside the city, where they were both assaulted. When they were taken out of the car to be murdered, one agent managed to flee; the second one was shot multiple times, but survived. Although four men were sought for these crimes and an indictment named the petitioner as one of the four defendants, only the petitioner was apprehended at that time and brought to the United States District Court for the Southern District of Florida for trial. *United States v. Benitez*, No. 82-292-CR-JAG.

At trial, the petitioner took the stand and claimed not to be present. Nonetheless, he was convicted on all of the five counts charged against him, *i.e.*, (1) conspiring to murder DEA agents engaged in the performance of their official duties, 18 U.S.C. §§1114 and 1117; (2) - (3) assaulting each DEA agent with a deadly weapon while he was performing official duties, 18 U.S.C. §§111 and 2; and (4) - (5) robbing each DEA agent of his official United States Government passport and DEA credentials, 18 U.S.C. §§2112 and 2. The petitioner was sentenced to life in prison, and the Eleventh Circuit affirmed in *United States v. Benitez*, 741 F.2d 1318 (11th Cir 1984), *cert. denied*, 471 U.S. 1137 (1985).

Not long afterwards, another of the indicted Colombians, named Carlos Ruiz, was apprehended, tried in the same court, and convicted; and later, the criminal proceedings against him were also affirmed on appeal. It was not until 1995, that the instant petitioner's brother, Rene Benitez, was apprehended and in 1997 the fourth defendant, Jose Duarte-Acero, was caught. In 2001, these last two defendants were tried together and convicted. Ruiz and Duarte-Acero appealed but their convictions were also affirmed by the Eleventh Circuit.

After his conviction, on July 11, 2001, the instant petitioner's brother Rene signed an affidavit declaring Petitioner Armando Benitez "absolutely innocent," and further writing as follows:

> . . . .
> 4. That my brother, Armando Benitez, was present for a very brief period of time, in rooms 1803 and 1804, of the Don Blas Hotel in February of 1982.
> 5. That after finding my brother, Armando Benitez, in the said rooms 1803 and 1804, I made him immediately leave the room which he did.
> 6. That Armando Benitez took nothing with him when he left . . . .
> 7. That all of the allegedly official documents that were taken from the two D.E.A. agents . . . were taken by me and only me.
> 8. That no one assisted me in taking the documents out of the rooms at the Don Blas Hotel at the times in question . . . .
> 9. That my brother and my Codefendant, Armando Benitez, is absolutely innocent of all of the charges in Case Number 82-292-CR-Gonzales.

Exhibit [hereinafter "Ex."] B. With counsel, on August 21, 2001, the petitioner used his brother's affidavit and the promise that all of the co-defendants would so testify, to support a motion for relief from his conviction. The motion was based upon (1) his being an "innocent bystander;" (2) the fact that the new evidence was only "newly available," as the other defendants were out of the country or at trial, thus being physically or legally unavailable previously; and (3) a new claim, *i.e.*, that the

original indictment was flawed.

In an Order dated March 14, 2003, the trial court construed the petitioner's claims to be pursuant to 28 U.S.C. §2255 and rejected the indictment challenge on several grounds. Ex. D. As to the petitioner's newly available evidence, the court found that it could not consider the brother's testimony in a habeas proceeding, absent a constitutional violation occurring in the criminal proceedings, the Court quoting from *Herrara v. Collins*, 506 U.S. 390, 400 (1993). The trial court also held that relief via a motion under Federal Rule of Criminal Procedure 33 was unavailable for this nineteen-year-old conviction, because it was well beyond the rule's time limit for such a motion to be brought. The trial court concluded that the petitioner's only recourse was a request for clemency to the President of the United States.

The petitioner makes no allegations about any further efforts for relief during the next two years. At the end of two years, he filed the instant §2241 petition, *pro se*. He alleges that in addition to presenting the testimony of his co-defendants, he can also show a violation of due process in that the testimony of one of the witnesses changed between his and his brother's trials. The petitioner claims that he has demonstrated that his remedy by a §2255 motion is inadequate or ineffective to challenge his conviction, and he has a provable claim of actual innocence, as innocence is defined in *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, he argues, this Court may hear the merits of his claim under its §2241 jurisdiction and grant him habeas relief.

Record No. 2 at 2-4. At the conclusion of the Order, the Court directed the warden to file a response to the petition.

## RESPONDENT'S MOTION

In response, Respondent Warden Booker filed the instant motion to dismiss [Record No. 10], which includes a memorandum of law. It is his position that this Court does not have jurisdiction to hear the merits of the petitioner's claim of actual innocence because he has not first demonstrated that his remedy via a §2255 motion to the trial court is inadequate or ineffective, a prerequisite to this Court's exercising its §2241 jurisdiction. This requirement is contained in the "savings clause" of §2255 and explained in *Charles v. Chandler*, 180 F.3d 755-56 (6th Cir. 1999).

3

The petitioner has filed a response [Record No. 12], arguing that he *has* demonstrated both that he is actually innocent and that his remedy under §2255 is inadequate and ineffective. Additionally, he contends that even the respondent has not disputed his actual innocence, choosing instead to argue the petitioner's failure to meet the inadequate or ineffective standard. He also points to the trial court's denial of his §2255 motion in 2003 as proof that the remedy by such a motion has proved to be inadequate and ineffective. Petitioner's Exhibit E; Respondent's Exhibit 2. With regard to applying to the appellate court in order to bring a second §2255 motion, the petitioner alleges that such an application to the appellate court is futile, as permission to do so is limited to two narrow circumstances, neither of which the instant petitioner can meet.

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the instant petitioner's claim clearly relates to his convictions, it is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

Nevertheless, it is true that certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. Because the instant

petitioner used this language, the Court construed the *pro se* petitioner's instant claim to be made under the savings clause.

Use of §2255's savings clause has undergone an upsurge in popularity in recent years. In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Claimants under the Supreme Court's new opinion, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain because of new federal legislation, effective April 24, 1996. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposed several statutory restrictions on prisoners' ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the requirement that a prisoner who wishes to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court. Also, AEDPA imposed on the circuit court only two circumstances for granting this authorization. *See* 28 U.S.C. §2255 (2000).

Since 1996 and up to today, prisoners like the instant petitioner have pled that they meet the "inadequate" or "ineffective" conditions of the savings clause of §2255, so that they may use §2241 to bring a successive or untimely §2255 claim. The Court examines Petitioner Benitez's allegations to see if he meets the threshold test of demonstrating that his remedy under §2255 is truly inadequate or ineffective under Sixth Circuit precedent interpreting the statutory language, primarily *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) and whether he has a claim of actual innocence as

discussed in another habeas proceeding, *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*) and affirmed on remand, *Martin v. Perez*, 391 F.3d 799 (6th Cir. 2004) (*Martin II*).

In the *Charles* opinion, the Sixth Circuit emphasized that relief under §2241 is not a "catch all" remedy, but is extremely limited, available only upon the petitioner's demonstration that his §2255 remedy is truly "inadequate and ineffective." The Court specified that an earlier unsuccessful §2255 motion or current time bar will not meet this standard. *Id.* at 757. Moreover, the burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. Because Petitioner Charles had clearly failed to demonstrate the requisite inadequacy and ineffectiveness of a §2255 motion, the appellate court affirmed the *sua sponte* dismissal of his §2241 petition by this Court.

The Sixth Circuit used the same inquiry and reached a contrasting result in the later *Martin I* case, also arising from this Court. The appellate court first traced the petitioner's unsuccessful efforts to get a claim heard via a §2255 motion to the trial court, his claim also being based on an intervening Supreme Court decision in his case, *Jones v. United States*, 529 U.S. 848 (2000). His efforts included several motions to the trial court and finally, an unsuccessful application to the appropriate appellate court for permission to bring the claim in a successive §2255 motion to the trial court, which was denied. At that point, the Sixth Circuit found Martin's remedy by §2255 was truly barred. Next, the appellate court examined the claim Martin wished to bring. It was based on the Supreme Court's recent *Jones* opinion, wherein the High Court held that a conviction under the federal arson statute requires a nexus between the defendant's conduct and interstate commerce.

The Sixth Circuit concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." *Id.*, 319

6

F.3d at 804. Therefore, the Court adopted a second pre-requisite for entertaining a §2241 petition, *i.e.*, actual innocence. The *Martin I* Court found that the petitioner had demonstrated that he had been barred from filing a successive §2255 motion, thus meeting the "inadequate or ineffective" criteria, and had also demonstrated that his claim was one of "actual innocence" of violating the federal arson statute as the statute is explained under the Supreme Court's *Jones* decision. Accordingly, the matter was remanded to this Court to hear the merits of Martin's claim about the lack of a nexus, under its §2241 jurisdiction. *Id.* at 805.

On remand, this Court convened an evidentiary hearing, after which it found that Petitioner Martin had failed to sustain his burden of proving that the residence lacked the requisite connection to interstate commerce necessary for his conviction and, therefore, denied his petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. On the petitioner's appeal, the Sixth Circuit found that the petitioner "must demonstrate his actual innocence in order to obtain relief" and he had failed to carry this burden. *Martin II*, 391 F.3d at 802. Moreover, "[w]hen evaluating Martin's claim of actual innocence, we must consider all of the available evidence." *Id.* Even considering the additional hearing testimony, Martin had failed to carry his burden to prove "that, based on this evidence, no reasonable juror could find that the Residence constituted rental property."

Consistent therewith, as a threshold matter, this Court has followed the same analysis, evaluating whether the instant petitioner has established both of the two requisite pre-conditions so that the Court may use §2241 to weigh his challenge to his sentence on the merits. Having done so, the Court finds that, unlike the petitioners who have claimed actual innocence and have been permitted to use §2241, either for *Bailey* claims or for *Jones* arson claims, the instant petitioner has not demonstrated that his remedy by §2255 is inadequate or ineffective.

7

As the Sixth Circuit noted in *Charles*, the *Bailey* claimants who were permitted to bring their claims of innocence via a §2241 petition had no way by which to raise their claims via §2255. Similarly, in *Martin*, the Court noted that the petitioner had been denied his request to bring his *Jones* claim in a successive §2255 motion. In contrast, the instant petitioner had an opportunity to bring his claim after his brother's apprehension and conviction, by 28 U.S.C. §2255, and he did so, using a July 11, 2001 affidavit signed by his brother. The trial court considered it and denied relief in 2003. In short, the petitioner's claim was presented via a §2255 motion to the trial court, and it was unsuccessful, not inadequate or ineffective. Moreover, the petitioner does not allege that he appealed the district court's denial of his motion to a higher court. Coming to another district court with the same claim but hoping for a different result is not permitted.

Because the petitioner has failed to pass the threshold of demonstrating that his relief via §2255 is ineffective or inadequate, it is not necessary to determine whether he satisfactorily presented a claim of actual innocence. Nonetheless, to dispel the notion that a miscarriage of justice is being permitted, the Court examines his claim of innocence. The petitioner wishes to present evidence which was known to him since 1982. Newly available evidence is not newly discovered evidence. *See United States v. Sims*, 72 Fed.Appx. 249, 2003 WO 21500184 (6th Cir. 2003) (unpublished); *United States v. Lockett*, 919 F.2d 585, 591 (9th Cir. 1990). Further, in *Bousley v. United States*, the Supreme Court of the United States wrote, "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.

In the case *sub judice*, the appellate opinion confirming the instant petitioner's conviction reveals that he testified at trial that he was not in the DEA agents' hotel rooms at all. *Benitez*, 741

8

F.2d at 1318. On his appeal, however, in challenging the sufficiency of the evidence, his contention was different. He argued that he was in the hotel rooms but was ultimately a mere bystander, in that he did not know the purpose of the endeavor, if there was one initially, or the goal must have changed after the group was outside and he left. "His departure before the agents were actually forced into the automobile to commence the death ride is his asserted defense." *Id.* A panel of the Eleventh Circuit wrote:

> ... Benitez testified that he was not present in the hotel rooms with the agents and the other Colombians. The evidence entitled the jury to find that Benitez was present at the start of a chain of events that led directly to the attempted murder of the agents. Instead of testifying that he did not realize that this was the purpose of the conspiracy, Benitez contended that he was not at all present. The jury obviously discredited Benitez' explanation.
>
> We hold that the above evidence was sufficient for the jury to conclude that Benitez was a member of the conspiracy and know its objectives .... Indeed, the credible evidence belies Benitez' contention that he was a mere bystander.

*Id.* A reasonable juror would just as likely discredit the testimony of Rene Benitez as the trial testimony of Armando Benitez. *See also Allen v. Yukins*, 366 F.3d 396, 404-05 (6th Cir.), *cert. denied*, 125 S.Ct. 200 (2004) (discussing co-defendants' post-conviction affidavits and contrasting the contents thereof with evidence presented at trial).

This Court concludes that the instant petitioner has failed to meet the threshold requirement of demonstrating that his remedy by §2255 motion was inadequate or ineffective, so that this Court may entertain his innocence claim on the merits under its §2241 jurisdiction. Therefore, the petition herein will be denied and dismissed. To do otherwise would be to allow the petitioner to obtain yet another bite at the post-conviction apple. *Charles*, 180 F.3d at 757.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Respondent's motion to dismiss [Record No. 10] is **GRANTED**;

(2) Petitioner Benitez's petition for writ of habeas corpus is **DENIED**; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 29th day of Sept, 2005.

*KSF*

KARL S. FORESTER, SENIOR JUDGE